UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 FEB 23  A 10: 01

| | |
|---|---|
| SHARON GORE, as Administratrix and Personal Representative of the estate of TULLIS HERBERT GORE Deceased, <br><br> Plaintiff, <br><br> v | ) <br> ) <br> ) JURY DEMAND <br> ) <br> ) Case No: 3:06cv167-WKW <br> ) <br> ) <br> ) <br> ) |

RONALD LARRY FOSTER, JOE DUBOSE TRUCKING, and Fictitious Party Defendants No. 1, whether singular or plural, that entity or entities, that individual or those individuals, whose negligence, wantonness or other wrongful conduct contributed to cause the occurrence made the basis of this lawsuit; No. 2, whether singular or plural, that entity or those entities who or which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; No.3, whether singular or plural, that entity, which is the successor in interest to any of the named or fictitious defendants herein; No. 4, whether singular or plural, that entity or entities who or which provided maintenance and upkeep on the truck tractor and trailer involved in the occurrence made the basis of this lawsuit; No. 5, whether singular or plural, that entity or those entities who or which was responsible for the condition or state of repair of the truck tractor and trailer involved in the occurrence made the basis of this lawsuit; No. 6, whether singular or plural, that entity or those entities, that individual or those individuals who or which repaired, altered, or maintained the truck tractor and trailer involved in the occurrence made the basis of this lawsuit; No. 7, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance and operation of the truck tractor and trailer involved in the occurrence made the basis of this lawsuit; No. 8, whether singular or plural, that entity or those entities which was the predecessor corporation to any of the named or fictitious defendants herein; No. 9, whether singular or plural, that entity or those entities who or which conducted safety inspections or analyses of or with reference to the truck tractor and trailer involved in the occurrence made the basis of this lawsuit; No. 10, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the truck and/or trailer involved in the occurrence made the basis of this lawsuit; No. 11, whether singular or plural, that entity or those entities for whom the driver of the tractor and/or trailer which collided plaintiff's decedent's vehicle was

performing some type of service or employment duty at the time of the collision; No. 12, whether singular or plural, that entity or those entities on whose behalf the tractor and/or trailer involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence; No. 13, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of driver of the tractor and/or trailer involved in the collision made the basis of this lawsuit. Plaintiff avers that the true identities of the foregoing fictitious party defendants are otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff, their identities as proper party defendants are not known at this time, and their true names will be substituted when ascertained.

## COMPLAINT

### STATEMENT OF THE PARTIES

1. The Plaintiff, SHARON GORE, is the duly appointed representative/administratrix of the estate of TULLIS HERBERT GORE, who was killed in a collision on January 5, 2006.

2. TULLIS HERBERT GORE , at the time of the wreck, resided at 12 Lee Road 712, Opelika, Alabama 36804.

3. The Defendant, RONALD LARRY FOSTER, is an individual and was the driver of the truck that collided with the vehicle that TULLIS HERBERT GORE was driving on January 5, 2006. Mr. FOSTER is believed to reside in Anderson, South Carolina.

4. The Defendant, JOE DUBOSE TRUCKING is believed to be a corporation licensed to do business in the state of Alabama, with its principal place of business in

Anderson, South Carolina and was doing business in the state of Alabama at the time of the incident to be described herein. At all times relevant to the occurrence made the basis of this complaint, said defendant owned and operated a business engaged, in part, in the hauling of fertilizer.

5. Defendant, RONALD LARRY FOSTER, upon information and belief, was acting within the line and scope of his employment with Defendant, JOE DUBOSE TRUCKING at all times relevant to the occurrence made the basis of this complaint.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (a)(3) and 28 U.S.C. § 1391(c ).

## STATEMENT OF THE FACTS

7. On or about January 5, 2006, TULLIS HERBERT GORE was driving a 1988 Dodge Dakota on Lee County Road 146 at the intersection between Lee County Road 413 and Lee County Road 823 in Opelika, Alabama. Mr. GORE was traveling westbound on Lee County Road 146.

8. On or about January 5, 2006, at approximately 4:15 a.m., Defendant, RONALD LARRY FOSTER, acting within the line and scope of his employment with JOE DUBOSE TRUCKING , was the driver of a 1996 PETERBILT Truck/Tractor

(VIN#1XP5DB9X4TN373585) and/or trailer. Mr. FOSTER was delivering fertilizer to a business. Mr. FOSTER was backing into the business and was across both lanes of the road with his headlights pointed west into oncoming traffic.

9. At the said time and place, the truck and/or trailer, which was loaded with fertilizer, and being operated by Defendant, RONALD LARRY FOSTER, while acting within the line and scope of his employment with Defendant, JOE DUBOSE TRUCKING, was caused to be driven onto Lee County Road 146. At the said time and place, Defendant, RONALD LARRY FOSTER, caused the truck tractor and/or trailer to completely block both lanes of County Road 146. The headlights of the truck were shining directly into oncoming traffic. The marker lights on the side of the trailer were not visible nor was the reflective tape on the side of the trailer. Plaintiff's Decedent, TULLIS HERBERT GORE, could not see the trailer, or tell that it was completely blocking the road, and collided with it. As a result thereof, Plaintiff's decedent was caused to suffer serious bodily injuries from which he died.

## COUNT I
*Negligence*

10. Plaintiff adopts and re-alleges Paragraphs 1 through 9 as if fully set out herein.

11. At the aforesaid time and place, Defendant, RONALD LARRY FOSTER, negligently caused or allowed the truck and/or trailer he was operating to collide with a

vehicle driven by the plaintiff's decedent, TULLIS HERBERT GORE. Said negligent conduct was the proximate cause of TULLIS HERBERT GORE'S death. Defendant, RONALD LARRY FOSTER, failed to yield the right of way to the Plaintiff's decedent's vehicle and this negligent conduct was the proximate cause of TULLIS HERBERT GORE'S death.

WHEREFORE, Plaintiff SHARON GORE, as administratrix and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against each of the defendants, RONALD LARRY FOSTER and JOE DUCOSE TRUCKING and FICTITIOUS PARTY DEFENDANTS NO. 1-13, both jointly and severally, in a sum to be determined by the trier of fact.

## COUNT II
### *Negligent maintaining of a truck/trailer*

12. Plaintiff adopts and realleges Paragraphs 1 through 11 as if fully set out herein.

13. At the aforesaid time and place, and for some time prior thereto, RONALD LARRY FOSTER, while acting within the line and scope of his duty as an agent, representative or employee of Defendant, JOE DUBOSE TRUCKING negligently caused or allowed the truck and/or trailer he was driving to collide with the vehicle driven by TULLIS HERBERT GORE. Said negligent conduct was a proximate cause of the death of Plaintiff's decedent.

14. Defendants, RONALD LARRY FOSTER and JOE DUBOSE TRUCKING

and fictitious Defendants, negligently maintained the truck and/or trailer which collided with the vehicle driven by the Plaintiff's decedent, TULLIS HERBERT GORE. Said negligent conduct was a proximate cause of the death of Plaintiff's decedent.

WHEREFORE, Plaintiff SHARON GORE, as administratrix and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against each of the defendants, RONALD LARRY FOSTER and JOE DUBOSE TRUCKING and FICTITIOUS PARTY DEFENDANTS NO. 1-13, both jointly and severally, in a sum to be determined by the trier of fact.

## COUNT III
*Negligent hiring/supervision and entrustment*

15. Plaintiff adopts and re-alleges Paragraphs 1 through 14 as if fully set out herein.

16. At the aforesaid time and place, and for some time prior thereto, RONALD LARRY FOSTER, while acting within the line and scope of his duty as an agent, representative or employee of Defendant, JOE DUBOSE TRUCKING, and Fictitious Defendants, negligently caused or allowed the truck and/or trailer he was driving to collide with the vehicle driven by TULLIS HERBERT GORE. Said negligent conduct was a proximate cause of the death of plaintiff's decedent.

17. At the aforesaid time and place, RONALD LARRY FOSTER, was engaged in the regular course and scope of his employment for Defendants, JOE DUBOSE TRUCKING and Fictitious Defendants and therefore Defendants, JOE DUBOSE

TRUCKING and Fictitious Defendants are liable for the negligent acts of its agent or employee, RONALD LARRY FOSTER.

18. At the aforesaid time and place, and for some time prior thereto, the Defendants, JOE DUBOSE TRUCKING and Fictitious Defendants were the employers of RONALD LARRY FOSTER, and as such, had the authority to supervise the hiring and training of drivers of motor vehicles operated by or on behalf of said Defendants. Said Defendants negligently exercised or failed to exercise said supervisory control and said negligent conduct was a proximate cause of the plaintiff's decedent's death.

19. At the aforesaid time and place, and for some time prior thereto, the Defendants, JOE DUBOSE TRUCKING and Fictitious Defendants, were the owners, lessors, and/or lessees of and had the right of control over the use of the motor vehicle driven by RONALD LARRY FOSTER. The Defendants, JOE DUBOSE TRUCKING and Fictitious Defendants as owners, lessors, and/or lessees negligently entrusted said vehicle to RONALD LARRY FOSTER, who negligently or wantonly operated said vehicle, fatally injuring the plaintiff's decedent. Defendants entrusted said vehicle to RONALD LARRY FOSTER and are therefore liable to the Plaintiff. Said negligent entrustment was a proximate cause of the plaintiff's decedent's death.

20. At the aforesaid time and place, and for some time prior thereto, the Defendants, JOE DUBOSE TRUCKING and Fictitious Defendants, were the owners, lessors, and/or lessees of said motor vehicle driven by RONALD LARRY FOSTER, and

motor vehicle operated by or on behalf of the Defendants. Said Defendants negligently exercised or failed to exercise said supervisory control and said negligent conduct was a proximate cause of plaintiff's decedent's death.

WHEREFORE, Plaintiff SHARON GORE, as administratrix and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against each of the defendants, JOE DUBOSE TRUCKING and FICTITIOUS PARTY DEFENDANTS NO. 1-13, both jointly and severally, in a sum to be determined by the trier of fact.

/s/ Larry W. Morris
LARRY W. MORRIS (ASB 1192 R80L)

**OF COUNSEL:**
MORRIS, HAYNES & HORNSBY
POST OFFICE BOX 1660
ALEXANDER CITY, AL 35011-1660

## JURY DEMAND

Pursuant to Alabama Rules of Civil Procedure, plaintiff demands a trial by jury on all counts herein in this action.

Respectfully submitted.

/s/
OF COUNSEL