IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON GORE, as Administratrix and Personal Representative of the Estate of TULLIS HERBERT GORE, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LARRY FOSTER, JOE DUBOSE TRUCKING, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO: 3:06CV167-WKW<br>)<br>)<br>)<br>)<br>) |

**ANSWER**

Comes now the defendant, identified in the complaint as **JOE DUBOSE TRUCKING**, and answers the plaintiff's complaint filed February 23, 2006, by setting forth the following separate and several defenses:

1. The defendant is without sufficient information to admit or deny the allegations in paragraph one of the complaint and demands strict proof thereof.

2. The defendant admits the allegations in paragraph 2 of the complaint.

3. The defendant denies the allegations as worded in paragraph 3 of the complaint. The defendant admits that Mr. Ronald Larry Foster was the driver of a truck that was involved in a motor vehicle collision with Mr. Tullis Herbert Gore. However, the defendant denies that Mr. Foster's truck collided into the vehicle being driven by Mr. Gore. Rather, the defendant asserts that the pickup truck being driven by Mr. Gore collided into the trailer that was attached to the truck being driven by Mr. Foster.

4. The defendant denies the allegations in paragraph 4 of the complaint and

demands strict proof thereof.

5. The defendant denies the allegations as worded in paragraph 5 of the complaint and demands strict proof thereof.

6. The defendant admits the allegations in paragraph 6 of the complaint.

7. The defendant admits the allegations in paragraph 7 of the complaint.

8. The defendant denies the allegations as worded in paragraph 8 of the complaint and demands strict proof thereof.

9. The defendant denies the allegations as worded in paragraph 9 of the complaint and demands strict proof thereof.

10. No response required.

11. The defendant denies the allegations in paragraph 11 of the complaint and demands strict proof thereof.

12. No response required.

13. The defendant denies the allegations in paragraph 13 of the complaint and demands strict proof thereof.

14. The defendant denies the allegations in paragraph 14 of the complaint and demands strict proof thereof.

15. No response required.

16. The defendant denies the allegations in paragraph 16 of the complaint and demands strict proof thereof.

17. The defendant denies the allegations in paragraph 17 of the complaint and demands strict proof thereof.

18. The defendant denies the allegations in paragraph 18 of the complaint and

demands strict proof thereof.

19. The defendant denies the allegations in paragraph 19 of the complaint and demands strict proof thereof.

20. The defendant denies the allegations in paragraph 20 of the complaint and demands strict proof thereof.

In further answer to the plaintiff's complaint, the defendant sets forth and assigns the following additional defenses:

### FIRST DEFENSE

_____The defendant avers that the allegations in the complaint fail to state a claim against it upon which relief can be granted.

### SECOND DEFENSE

_____The defendant denies each and every claim in the plaintiff's complaint and demands strict proof thereof.

### THIRD DEFENSE

_____The defendant denies that it is guilty of any negligence or wantonness which proximately caused or proximately contributed to cause the accident involved in this lawsuit or the death of Mr. Tullis Herbert Gore.

### FOURTH DEFENSE

_____The defendant denies that any of its employees was/were guilty of any negligence or wantonness which proximately caused or proximately contributed to cause the accident involved in this lawsuit or the death of Mr. Tullis Herbert Gore.

### FIFTH DEFENSE

_____The defendant pleads the affirmative defense of contributory negligence.

### SIXTH DEFENSE

_____The defendant pleads the affirmative defense of assumption of risk.

### SEVENTH DEFENSE

_____The defendant pleads sudden emergency.

### EIGHTH DEFENSE

_____The defendant denies that it is the proper party defendant in this lawsuit.

Specifically, the defendant denies that JOE DUBOSE TRUCKING is a corporation.

        /s/ David A. Lee
        David A. Lee (LEE019)
        Attorney for Defendant

PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL 35223
(205) 326-6600 - Telephone
(205) 324-7097 - Facsimile

**JURY DEMAND:** The defendant hereby demands a trial by struck jury on all issues in this litigation.

        /s/ David A. Lee
        David A. Lee (LEE019)
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 10th day of   March  , 2006, a copy of this document has been served on all parties to this proceeding or their respective attorneys, by U. S. Mail to:

Larry W. Morris, Esq.
MORRIS, HAYNES & HORNSBY
Post Office Box 1660
Alexander City, AL 35011-1660

                                    /s/ David A. Lee
                                    OF COUNSEL