UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON GORE, as Personal Representative ) of the estate of TULLIS HERBERT GORE, ) Deceased, ) ) Plaintiff, ) ) v. ) ) RONALD LARRY FOSTER , an ) individual, and JOE DUBOSE ) TRUCKING, a sole proprietorship, ) ) Defendants. ) | JURY DEMAND  Case No: 3:06-CV-167-WKW |

**FIRST AMENDED COMPLAINT**

**STATEMENT OF THE PARTIES**

1. The Plaintiff, SHARON GORE, is the duly appointed representative/administratrix of the estate of TULLIS HERBERT GORE, who was killed in a collision on January 5, 2006. SHARON GORE was the wife of Tullis Herbert Gore.

2. TULLIS HERBERT GORE , at the time of the wreck, resided at 12 Lee Road 712, Opelika, Alabama 36804.

3. The Defendant, RONALD LARRY FOSTER, is an individual and was the driver of the truck that collided with the vehicle that TULLIS HERBERT GORE was driving on January 5, 2006. Mr. FOSTER is believed to reside in Anderson, South

Carolina.

4.     The Defendant, JOE DUBOSE TRUCKING , upon information and belief, is believed to be a sole proprietorship owned by Joe Dubose, who is now deceased. ALICE DUBOSE, Mr. Dubose's widow, has been appointed the personal representative of Mr. Dubose's Estate.  Since JOE DUBOSE TRUCKING was a sole proprietorship owned by Mr. Dubose, Mr. Dubose's estate as represented by ALICE DUBOSE is the successor in interest of the sole proprietorship's assets and liabilities.  JOE DUBOSE TRUCKING had its principal place of business in Anderson, South Carolina and was doing business in the state of Alabama at the time of the incident to be described herein. At all times relevant to the occurrence made the basis of this complaint, Joe Dubose Trucking owned and operated a business engaged, in part, in the hauling of fertilizer. The defendant, ALICE DUBOSE, will be referred to herein as JOE DUBOSE TRUCKING.

5.     Defendant, RONALD LARRY FOSTER, upon information and belief, was acting within the line and scope of his employment with Defendant, JOE DUBOSE TRUCKING at all times relevant to the occurrence made the basis of this complaint.

## JURISDICTION AND VENUE

6.     This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy exceeds $75,000.00.  Venue is proper in this court pursuant to 28 U.S.C. §

1391 (a)(3) and 28 U.S.C. § 1391(c ).

## STATEMENT OF THE FACTS

7. On or about January 5, 2006, TULLIS HERBERT GORE was driving a 1988 Dodge Dakota on Lee County Road 146 at the intersection between Lee County Road 413 and Lee County Road 823 in Opelika, Alabama. Mr. GORE was traveling westbound on Lee County Road 146.

8. On or about January 5, 2006, at approximately 4:15 a.m., Defendant, RONALD LARRY FOSTER, acting within the line and scope of his employment with JOE DUBOSE TRUCKING , was the driver of a 1996 PETERBILT Truck/Tractor (VIN#1XP5DB9X4TN373585) and/or trailer. Mr. FOSTER was delivering fertilizer to a business. Mr. FOSTER was backing into the business and was across both lanes of the road with his headlights pointed west into oncoming traffic.

9. At the said time and place, the truck and/or trailer, which was loaded with fertilizer, and being operated by Defendant, RONALD LARRY FOSTER, while acting within the line and scope of his employment with Defendant, JOE DUBOSE TRUCKING, was caused to be driven onto Lee County Road 146. At the said time and place, Defendant, RONALD LARRY FOSTER, caused the truck tractor and/or trailer to completely block both lanes of County Road 146. The headlights of the truck were shining directly into oncoming traffic. The marker lights on the side of the trailer were not visible nor was the reflective tape on the side of the trailer. Plaintiff's Decedent,

TULLIS HERBERT GORE, could not see the trailer, or tell that it was completely blocking the road, and collided with it.  As a result thereof, Plaintiff's decedent was caused to suffer serious bodily injuries from which he died.

## COUNT I
*Negligence and/or Wantonness*

10. Plaintiff adopts and re-alleges Paragraphs 1 through 9 as if fully set out herein.

11. At the aforesaid time and place, Defendant, RONALD LARRY FOSTER, negligently and/or wantonly caused or allowed the truck and/or trailer he was operating to collide with a vehicle driven by the plaintiff's decedent, TULLIS HERBERT GORE.  Said negligent and/or wanton conduct was the proximate cause of TULLIS HERBERT GORE'S death.  Defendant, RONALD LARRY FOSTER, negligently and/or wantonly failed to yield the right of way to the Plaintiff's decedent's vehicle and this negligent and/or wanton conduct was the proximate cause of TULLIS HERBERT GORE'S  death.

WHEREFORE, Plaintiff SHARON GORE , as administratrix  and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against each of the defendants, RONALD LARRY FOSTER and  JOE DUBOSE TRUCKING  both jointly and severally, in a sum to be determined by the trier of fact.

## COUNT II
*Negligent and/or Wanton Maintentence*

12. Plaintiff adopts and realleges Paragraphs 1 through 11 as if fully set out herein.

13. At the aforesaid time and place, and for some time prior thereto, RONALD LARRY FOSTER, while acting within the line and scope of his duty as an agent, representative or employee of Defendant, JOE DUBOSE TRUCKING negligently and/or wantonly caused or allowed the truck and/or trailer he was driving to collide with the vehicle driven by TULLIS HERBERT GORE. Said negligent and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent.

14. Defendants, RONALD LARRY FOSTER and JOE DUBOSE TRUCKING, negligently and/or wantonly maintained the truck and/or trailer which collided with the vehicle driven by the Plaintiff's decedent, TULLIS HERBERT GORE. Said negligent and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent.

WHEREFORE, Plaintiff SHARON GORE, as administratrix and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against each of the defendants, RONALD LARRY FOSTER and JOE DUBOSE TRUCKING, both jointly and severally, in a sum to be determined by the trier of fact.

### COUNT III
*Negligent and/or Wanton Hiring/supervision and/or Entrustment*

15. Plaintiff adopts and re-alleges Paragraphs 1 through 14 as if fully set out herein.

16. At the aforesaid time and place, and for some time prior thereto, RONALD

LARRY FOSTER, while acting within the line and scope of his duty as an agent, representative or employee of Defendant, JOE DUBOSE TRUCKING, negligently and/or wantonly caused or allowed the truck and/or trailer he was driving to collide with the vehicle driven by TULLIS HERBERT GORE.  Said negligent and/or wanton conduct was a proximate cause of the death of plaintiff's decedent.

17. At the aforesaid time and place, RONALD LARRY FOSTER, was engaged in the regular course and scope of his employment for Defendant, JOE DUBOSE TRUCKING and therefore Defendant, JOE DUBOSE TRUCKING, is liable for the negligent and/or wanton acts of its agent or employee, RONALD LARRY FOSTER.

18. At the aforesaid time and place, and for some time prior thereto, the Defendant, JOE DUBOSE TRUCKING, was the employer of RONALD LARRY FOSTER, and as such, had the authority to supervise the hiring and training of drivers of motor vehicles operated by or on behalf of said Defendant.  In doing so, JOE DUBOSE TRUCKING negligently and/or wantonly hired and/or trained RONALD LARRY FOSTER even though JOE DUBOSE TRUCKING knew or should have know that RONALD LARRY FOSTER was incompetent as that phrase is defined under Alabama law.  Said Defendant negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of the plaintiff's decedent's death.

19. At the aforesaid time and place, and for some time prior thereto, the

Defendant, JOE DUBOSE TRUCKING, was the owner, lessor, and/or lessee of and had the right of control over the use of the motor vehicle driven by RONALD LARRY FOSTER.  The Defendant, JOE DUBOSE TRUCKING as owner, lessor, and/or lessee negligently and/or wantonly entrusted said vehicle to RONALD LARRY FOSTER, who negligently and/or wantonly operated said vehicle, fatally injuring the plaintiff's decedent.  Defendant entrusted said vehicle to RONALD LARRY FOSTER and is therefore liable to the Plaintiff.  Said negligent and/or wanton entrustment was a proximate cause of the plaintiff's decedent's death.

20.    At the aforesaid time and place, and for some time prior thereto, the Defendant, JOE DUBOSE TRUCKING, was the owner, lessor, and/or lessee of said motor vehicle driven by RONALD LARRY FOSTER, and as such had the authority to supervise the maintenance, operation, and repair of said motor vehicle operated by or on behalf of the Defendant.  The Defendant, JOE DUBOSE TRUCKING, knew or should have known that RONALD LARRY FOSTER was incompetent as that term is defined in Alabama law for the position he was filling.  In spite of this, JOE DUBOSE TRUCKING negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of plaintiff's decedent's death.

WHEREFORE, Plaintiff SHARON GORE, as administratrix and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment

against the defendant, JOE DUBOSE TRUCKING, in a sum to be determined by the trier of fact.

_____
**RANDALL S. HAYNES (HAY006)**

**OF COUNSEL:**
MORRIS, HAYNES & HORNSBY
POST OFFICE BOX 1660
ALEXANDER CITY, AL 35011-1660
(256) 329-2000
(256) 329-2015 (TELEFAX)
rhaynes@morrishaynesandhornsby.com

## JURY DEMAND

Pursuant to Alabama Rules of Civil Procedure, plaintiff demands a trial by jury on all counts herein in this action.

_____
OF COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of May, 2006, I electronically filed the foregoing Motion to Amend Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record in the above referenced case.

/s Randall S. Haynes
Of Counsel

cc:   Mr. David Lee
      **PARSONS, LEE & JULIANO**
      Suite 300, 2801 Hwy. 280 S.
      Birmingham, Alabama 35223