IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **SHARON GORE,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | CASE NO.: 3:06-CV-167-WKW |
| | * | |
| **JOE DUBOSE TRUCKING, et al.,** | * | |
| | * | |
| **Defendants.** | * | |

### MOTION TO SUBSTITUTE DEFENDANT PURSUANT TO FRCP 25(a)

COMES NOW the Plaintiff in the above styled cause and moves this Honorable Court for an order permitting the substitution of Alice Dubose, personal representative of the estate of Joe Dubose, for the defendant, Joe Dubose, and for grounds would show the Court the following:

1. On March 10, 2006, counsel for Joe Dubose Trucking filed a suggestion of death with this Court stating that Joe Dubose, who upon information and belief was the owner of the sole proprietorship Joe Dubose Trucking, was deceased.

2. FRCP 25(a) provides that "if a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Further, "the motion for substitution may be made by any party or by the successors or representatives of the deceased party." *Id.* Sharon Gore, the plaintiff in this matter, is a proper party to make such a request. In addition, Alice Dubose, as the wife of Joe Dubose and as the personal representative of his estate, is the proper party to be substituted for Joe Dubose Trucking.

3. § 6-5-462, Code of Alabama (1975) governs the survival of a claim against an

individual following that person's death and says the following in pertinent part:

> In all proceedings not of an equitable nature, all claims upon which an action has been filed...survive in favor of and against personal representatives ... [A]ll personal claims upon which no action has been filed survive against the personal representative of a deceased tortfeasor.

Accordingly, the present action is not extinguished by the death of Mr. Dubose and Mrs. Dubose, as his widow and the personal representative of his estate, is the proper person to substitute as defendant after his death in this action.

4. The instant motion is timely filed, being made prior to the expiration of the 90th day since the suggestion of death was filed on the record.

5. This substitution of parties will not prejudice any defendant in this matter and will serve the interests of justice by permitting this action to be determined on the merits.

6. Accordingly, these premises considered, the plaintiffs respectfully request that this Honorable Court issue an order permitting the substitution of Alice Dubose, as personal representative of the Estate of Joe Dubose, for the defendant, Joe Dubose Trucking.

Respectfully submitted on this the 265th day of May, 2006.

**MORRIS, HAYNES & HORNSBY**

/s Randall S. Haynes
    Attorney for Plaintiffs
    HAY006

Post Office Box 1660
Alexander City, Alabama 35011-1660
Phone: (256) 329-2000
Fax:    (256) 329-2015

Also Counsel for Plaintiff:

Mr. Sam E. Loftin
Loftin, Loftin & Hall
Post Office Box 2566
Phenix City, Alabama 36868-2566

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of May, 2006, I electronically filed the foregoing Motion to Substitute Defendant with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record in the above referenced case.


                                        /s Randall S. Haynes
                                            Of Counsel

cc:    Mr. David Lee
       Parsons, Lee & Juliano
       300 Protective Center
       2801 Highway 280 South
       Birmingham, Alabama 35223