IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON GORE, as Administratrix and Personal Representative of the Estate of TULLIS HERBERT GORE, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RONALD LARRY FOSTER, ALICE DUBOSE, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOE DUBOSE<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO: 3:06CV167-WKW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO FIRST AMENDED COMPLAINT

Comes now the defendant, **ALICE DUBOSE, as personal representative of the Estate of JOE DUBOSE**, and answers the plaintiff's first amended complaint filed by setting forth the following separate and several defenses:

1. The defendant admits the allegations in paragraph 1 of the complaint.

2. The defendant admits the allegations in paragraph 2 of the complaint.

3. The defendant denies the allegations as worded in paragraph 3 of the complaint. The defendant admits that Mr. Ronald Larry Foster was the driver of a truck that was involved in a motor vehicle collision with Mr. Tullis Herbert Gore. However, the defendant denies that Mr. Foster's truck collided into the vehicle being driven by Mr. Gore. Rather, the defendant asserts that the pickup truck being driven by Mr. Gore collided into the trailer that was attached to the truck being driven by Mr. Foster.

4. The defendant admits the allegations in paragraph 4 of the complaint.

5. The defendant admits the allegations in paragraph 5 of the complaint.

6. The defendant admits the allegations in paragraph 6 of the complaint.

7. The defendant admits the allegations in paragraph 7 of the complaint.

8. The defendant denies the allegations as worded in paragraph 8 of the complaint and demands strict proof thereof.

9. The defendant denies the allegations as worded in paragraph 9 of the complaint and demands strict proof thereof.

10. No response required.

11. The defendant denies the allegations in paragraph 11 of the complaint and demands strict proof thereof.

12. No response required.

13. The defendant denies the allegations in paragraph 13 of the complaint and demands strict proof thereof.

14. The defendant denies the allegations in paragraph 14 of the complaint and demands strict proof thereof.

15. No response required.

16. The defendant denies the allegations in paragraph 16 of the complaint and demands strict proof thereof.

17. The defendant denies the allegations in paragraph 17 of the complaint and demands strict proof thereof.

18. The defendant denies the allegations in paragraph 18 of the complaint and demands strict proof thereof.

19. The defendant denies the allegations in paragraph 19 of the complaint and

demands strict proof thereof.

20. The defendant denies the allegations in paragraph 20 of the complaint and demands strict proof thereof.

In further answer to the plaintiff's complaint, the defendant sets forth and assigns the following additional defenses:

## FIRST DEFENSE

The defendant avers that the allegations in the complaint fail to state a claim against her upon which relief can be granted.

## SECOND DEFENSE

The defendant denies each and every claim in the plaintiff's complaint and demands strict proof thereof.

## THIRD DEFENSE

The defendant denies that she or Joe DuBose d/b/a Joe DuBose Trucking is guilty of any negligence or wantonness which proximately caused or proximately contributed to cause the accident involved in this lawsuit or the death of Mr. Tullis Herbert Gore.

## FOURTH DEFENSE

The defendant denies that any of Joe DuBose Trucking's employees was/were guilty of any negligence or wantonness which proximately caused or proximately contributed to cause the accident involved in this lawsuit or the death of Mr. Tullis Herbert Gore.

## FIFTH DEFENSE

The defendant pleads the affirmative defense of contributory negligence.

## SIXTH DEFENSE

_____The defendant pleads the affirmative defense of assumption of risk.

## SEVENTH DEFENSE

_____The defendant pleads sudden emergency.

## EIGHTH DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, including but not limited to the right to avoid self-incrimination; the due process clause; the excessive fines clause; the equal protection clause; the commerce clause; and the freedom of speech clause.

## NINTH DEFENSE

The defendant avers that the plaintiff's claim for punitive damages in this case violates both the Alabama and United States Constitutions, and the amendments thereto, in that under current Alabama law there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damage award; there are insufficient standards pertaining to the award of punitive damages; punitive damage awards are not subject to sufficient post-trial judicial review on the basis of objective standards and criteria; there is a lack of reasonable and logical standards, criteria and guidance in the assessment of punitive damages; there is a lack of a rational relationship between the culpability of the defendant and the amount of punitive damages; and there is a lack of a rational relationship between the award of compensatory damages versus punitive damages.

      /s/ David A. Lee
      David A. Lee  -  LEE019
      Attorney for Defendant


PARSONS, LEE & JULIANO, P.C.
300 Protective Center
2801 Highway 280 South
Birmingham, AL 35223
(205) 326-6600 - Telephone
(205) 324-7097 - Facsimile


**JURY DEMAND:** The defendant hereby demands a trial by struck jury on all issues in this litigation.

      /s/ David A. Lee
      David A. Lee (LEE019)
      Attorney for Defendant


**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of  June , 2006, a copy of this document has been served on all parties to this proceeding or their respective attorneys, by U. S. Mail to:

Randy Haynes, Esq.
MORRIS, HAYNES & HORNSBY
Post Office Box 1660
Alexander City, AL 35011-1660

      /s/ David A. Lee
      OF COUNSEL