IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SHARON GORE, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CASE NO.: 3:06-CV-167-WKW |
| | * |
| JOE DUBOSE TRUCKING, et al., | * |
| | * |
| Defendants. | * |

**FAFARD'S ANSWER TO SECOND AMENDED COMPLAINT**

COMES NOW the Defendant misidentified in the Complaint as Farfard, Inc., the correct spelling of which is Fafard, Inc. ("Fafard"), and in response to the Complaint filed against it, states as follows:

**FIRST DEFENSE**

The Complaint fails to state a cause of action against Fafard upon which relief can be granted.

**SECOND DEFENSE**

This Defendant understands that an accident occurred at or about the time and location identified in the Complaint, but has insufficient information to confirm any of the details of the accident at this time, and therefore must deny each and every other material allegation of the Complaint, including all claims of negligence/wantonness on the part of Defendant Fafard, and demands strict proof thereof.  Defendant Fafard specifically denies that any conduct on its part constituted negligent/wanton

maintenance, negligent hiring of an independent contractor, or negligent/wanton entrustment as may be alleged in the Complaint.

### THIRD DEFENSE

Count I of the Complaint alleges negligence/wantonness against Defendant Ronald Foster, and does not appear to allege any claims against Fafard. To the extent Fafard has misinterpreted this count, Fafard denies each and every material allegation of Count I of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Count III appears to allege claims of negligent/wanton hiring/supervision/entrustment against Defendant Joe DuBose Trucking, and does not allege any claims against Defendant Fafard. To the extent Fafard has misinterpreted the allegations in this count, Fafard denies each and every material allegation of Count III of the Complaint and demands strict proof thereof.

### FIFTH DEFENSE

As to Count II, IV and V, Fafard denies that it was guilty of any conduct that would constitute negligent/wanton maintenance of the tractor trailer involved in the accident, negligent hiring of an independent contractor, or negligent/wanton, entrustment, hiring, training, supervision of Defendant Joe DuBose Trucking and demands strict proof thereof.

### SIXTH DEFENSE

Plaintiff's decedent's injuries were the proximate result of his own contributory negligence or assumption of the risk.

### SEVENTH DEFENSE

Plaintiff's injuries were the proximate result of the conduct of other parties or non-parties and were not the proximate result of any conduct on the part of Defendant Fafard.

### EIGHTH DEFENSE

The Plaintiff's injuries were the result of an unavoidable accident.

### NINTH DEFENSE

Defendant Fafard denies that it was the owner of the trailer, as is alleged in ¶8 of the Complaint.

### TENTH DEFENSE

Defendant Fafard specifically denies that Defendant Joe DuBose Trucking and/or Defendant Foster were agents, servants and employees of Defendant Fafard as is alleged in ¶8 of the Complaint.

### ELEVENTH DEFENSE

Defendant denies that the trailer involved in the accident was in any way defective, or that the marker lights and/or reflector tape were not functioning properly or were in any other way defective at the time of the accident as is alleged in ¶8 of the Complaint.

### TWELFTH DEFENSE

Defendant Fafard denies that any conduct on its part was in any way a proximate cause or a contributing proximate cause of the accident and injuries suffered by Plaintiff's decedent.

**THIRTEENTH DEFENSE**

Defendant Joe DuBose Trucking and Larry Foster were independent contractors, such that there was no agency relationship, master/servant relationship or employer/employee relationship between Defendant Fafard and Joe DuBose Trucking or Larry Foster.

**FOURTEENTH DEFENSE**

There is no cause of action under Alabama law for negligent hiring of an independent contractor, and therefore Count IV of the Complaint is due to be dismissed as a matter of law.

**FIFTEENTH DEFENSE**

This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

**SIXTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the State of Alabama.

**SEVENTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Constitution of the United States of America.

**EIGHTEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to this Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

**NINETEENTH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

**TWENTIETH DEFENSE**

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to this Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to a criminal defendant.

**TWENTY-FIRST DEFENSE**

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive

damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

### TWENTY-SECOND DEFENSE

It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels this Defendant to disclose documents and evidence.

### TWENTY-THIRD DEFENSE

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   c)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d)  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

e)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

f)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

### TWENTY-FOURTH DEFENSE

Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

a)  It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon civil defendant upon the Plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

c)  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

e)  The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

f)  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

### TWENTY-FIFTH DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-SIXTH DEFENSE

The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

### TWENTY-SEVENTH DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Section 6-11-27, Code of Alabama 1975.

### TWENTY-EIGHTH DEFENSE

This Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided in Sections 6-11-20 and –21, Code of Alabama 1975.

**TWENTY-NINTH DEFENSE**

This Defendant pleads the standards and limitations regarding the determination and/or enforceability of punitive damages awards articulated in BMW of North America v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed. 809 (1995).

**THIRTIETH DEFENSE**

To the extent that Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), as interpreted and applied, permits the recovery of punitive damages upon a standard of proof which is less than the clear and convincing standard of proof, said statutory provision violates the due process clause of the Fourteenth Amendment to the United States Constitution and Article 1, §§ 1, 6, and 22 of the Alabama Constitution.

**THIRTY-FIRST DEFENSE**

This Defendant alleges affirmatively that Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), as interpreted and applied, violates the due process clause of the Fourteenth Amendment to the United States Constitution, and further violates this Defendant's entitlement to equal protection of the law as required by the Constitution of the United States, and that said statutory section permits the recovery of punitive damages upon a showing or under a burden of proof which is less than the clear and convincing standard otherwise required by Alabama law, pursuant to Alabama Code § 6-11-20 for the recovery of punitive damages.

**THIRTY-SECOND DEFENSE**

Alabama's Wrongful Death Act, Alabama Code § 6-5-410 (1975), requires that the damages awarded in a death case be "such damages as the jury may assess."

Accordingly, the damages to be awarded in a wrongful death case are not necessarily punitive in nature.

### THIRTY-THIRD DEFENSE

That the determination and assessment of damages under Alabama's Wrongful death Act, Alabama Code §6-5-410 (1975), can be read neither in *pari delicto*, nor in *pari material*, thereby creating an unreasonable classification denying to this Defendant equal protection of the law under provisions of the Fourteenth Amendment of the Constitution of the United States, and under the provisions of the Constitution of Alabama, as well as depriving this Defendant of property without due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States, and in Article 1, Sections 1 and 6, of the Constitution of Alabama of 1901 for the following reasons:

1. They allow for an award of punitive damages for simple negligence, whereas conscious or deliberate oppression, fraud, wantonness, or malice is required for an award of punitive damages in non-wrongful death actions;

2. They do not allow for compensatory damages, confining plaintiffs in wrongful death actions to punitive damages alone; and

3. The standard of proof required for punitive damages under these statutes is inconsistent with the clear and convincing evidence standard of proof required for an award of punitive damages in non-wrongful death cases.

### THIRTY-FOURTH DEFENSE

To the extent that Alabama Code § 6-11-20 (1975), as interpreted and applied, permits the recovery of punitive damages in a wrongful death action based upon a showing or under a burden of proof that is less than the clear and convincing standard,

said statutory provision violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, and the due process and equal protection clauses of the Alabama Constitution.

### THIRTY-FIFTH DEFENSE

To the extent that Alabama Code §§ 6-11-20 (1975) and 6-11-21 (Supp. 1999) exclude or attempt to exclude wrongful death claims from their coverage, said statutory provisions violate the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, and the due process and equal protection clauses of the Alabama Constitution.

### THIRTY-SIXTH DEFENSE

To the extent that Alabama Code § 6-11-29 (1975) excludes or attempts to exclude wrongful death claims from the heightened evidentiary standard of Alabama Code § 6-11-27 (1975), said statutory provision violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, and the due process and equal protection clauses of the Alabama Constitution.

                Respectfully submitted,

                /s/ Richard E. Broughton
                Richard E. Broughton
                Attorney for Defendant Fafard, Inc.

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
rbroughton@ball-ball.com

## CERTIFICATE OF SERVICE

I hereby certify that on this September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Randall S. Haynes, Esq.
Morris, Haynes and Hornsby
P.O. Box 1660
Alexander City, AL  35011-1660

David Lee, Esq.
Parsons, Lee & Juliano
300 Protective Center
2801 Highway 280 South
Birmingham, AL  35223

/s/ Richard E. Broughton
OF COUNSEL