# EXHIBIT A

TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **SHARON GORE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **CASE NO.: 3:06-CV-167-WKW** |
| | * | |
| **DUBOSE TRUCKING; RONALD** | * | |
| **LARRY FOSTER; AND** | * | |
| **FAFARD, INC.,** | * | |
| | * | |
| Defendants. | * | |

_____

**AMENDED SECOND AMENDED COMPLAINT**
_____

COMES NOW the Plaintiff in the above-styled cause and correctly identifies Defendant Farfard, Inc. as Defendant Fafard, Inc. as follows:

**STATEMENT OF THE PARTIES**

1. The Plaintiff, SHARON GORE, is the duly appointed representative/administratrix of the estate of TULLIS HERBERT GORE, who was killed in a collision on January 5, 2006. SHARON GORE was the wife of Tullis Herbert Gore.

2. TULLIS HERBERT GORE, at the time of the wreck, resided at 12 Lee Road 712, Opelika, Alabama 36804.

3. The Defendant, RONALD LARRY FOSTER, is an individual and was the driver of the truck that collided with the vehicle that TULLIS HERBERT GORE was driving on January 5, 2006. Defendant RONALD LARRY FOSTER, upon information and belief, was acting within the line and scope of his employment with Defendant JOE DUBOSE TRUCKING at all times relevant to the occurrence made the basis of this

Complaint. Defendant RONALD LARRY FOSTER is believed to reside in Anderson, South Carolina.

4. The Defendant, JOE DUBOSE TRUCKING , upon information and belief, is believed to be a sole proprietorship owned by Joe Dubose, who is now deceased. ALICE DUBOSE, Mr. Dubose's widow, has been appointed the personal representative of Mr. Dubose's Estate. Since JOE DUBOSE TRUCKING was a sole proprietorship owned by Mr. Dubose, Mr. Dubose's estate as represented by ALICE DUBOSE is the successor in interest of the sole proprietorship's assets and liabilities. JOE DUBOSE TRUCKING had its principal place of business in Anderson, South Carolina and was doing business in the state of Alabama at the time of the incident to be described herein. At all times relevant to the occurrence made the basis of this complaint, Joe Dubose Trucking owned and operated a business engaged, in part, in the hauling of fertilizer. The defendant, ALICE DUBOSE, will be referred to herein as JOE DUBOSE TRUCKING.

5. Defendant, FAFARD, INC., is a foreign corporation with its headquarters located in Anderson, South Carolina. Defendant FAFARD, INC. owns the trailer which was being hauled by Defendant JOE DUBOSE TRUCKING at the time of incident made the basis of this lawsuit. Defendant JOE DUBOSE TRUCKING contracted exclusively with Defendant FAFARD, INC. for the purpose of hauling fertilizer.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332

(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (a)(3) and 28 U.S.C. § 1391(c ).

## STATEMENT OF THE FACTS

7.	On or about January 5, 2006, TULLIS HERBERT GORE was driving a 1988 Dodge Dakota on Lee County Road 146 at the intersection between Lee County Road 413 and Lee County Road 823 in Opelika, Alabama.  Plaintiff's decedent, Tullis Herbert Gore, was traveling westbound on Lee County Road 146.

8.	On or about January 5, 2006, at approximately 4:15 a.m., Defendant RONALD LARRY FOSTER, acting within the line and scope of his employment with Defendant JOE DUBOSE TRUCKING, was the driver of a 1996 PETERBILT Truck/Tractor (VIN#1XP5DB9X4TN373585) hauling a trailer owned by Defendant FAFARD, INC.  Defendant FOSTER was delivering fertilizer to a business for Defendant FAFARD, INC.  At the time of the collision made the basis of this suit, Defendant JOE DUBOSE TRUCKING was delivering fertilizer exclusively for Defendant FAFARD, INC., in a trailer owned by Defendant FAFARD, INC.  Accordingly, Defendant JOE DUBOSE TRUCKING and/or Defendant FOSTER were agents, servants, and employees of Defendant FAFARD, INC.  Defendant FOSTER was backing into the business and was across both lanes of the road with his headlights pointed west shining directly into oncoming traffic.  The marker lights and/or reflective tape on the side of the trailer owed by Defendant FAFARD, INC. were not visible and were obscured.  Because of the actions of the Defendants, Plaintiff's decedent, Tullis Herbert

Gore, could not see the trailer, or tell that it was completely blocking the road, and collided with it. As a result thereof, Plaintiff's decedent was caused to suffer serious bodily injuries from which he died.

## COUNT I
## NEGLIGENCE AND/OR WANTONNESS OF
## DEFENDANT RONALD LARRY FOSTER

9. Plaintiff adopts and re-alleges Paragraphs 1 through 8 as if fully set out herein.

10. At the aforesaid time and place, Defendant, RONALD LARRY FOSTER, negligently and/or wantonly caused or allowed the truck and/or trailer he was operating to collide with a vehicle driven by the Plaintiff's decedent, Tullis Herbert Gore. Said negligent and/or wanton conduct was the proximate cause of TULLIS HERBERT GORE'S death. Defendant FOSTER negligently and/or wantonly failed to yield the right of way to the Plaintiff's decedent's vehicle and this negligent and/or wanton conduct was the proximate cause of TULLIS HERBERT GORE'S death.

WHEREFORE, Plaintiff SHARON GORE , as administratrix and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against each of the defendants, RONALD LARRY FOSTER and JOE DUBOSE TRUCKING both jointly and severally, in a sum to be determined by the trier of fact.

## COUNT II
## NEGLIGENT AND/OR WANTON MAINTENANCE OF DEFENDANT
## JOE DUBOSE TRUCKING, RONALD LARRY FOSTER, AND FAFARD, INC.

11. Plaintiff adopts and realleges Paragraphs 1 through 10 as if fully set out

herein.

12.　At the aforesaid time and place, and for some time prior thereto, Defendant RONALD LARRY FOSTER, while acting within the line and scope of his duty as an agent, representative or employee of Defendant JOE DUBOSE TRUCKING negligently and/or wantonly caused or allowed the truck and/or trailer he was driving to collide with the vehicle driven by TULLIS HERBERT GORE.  Said negligent and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent.

13.　Defendants RONALD LARRY FOSTER and JOE DUBOSE TRUCKING negligently and/or wantonly maintained the tractor which collided with the vehicle driven by the Plaintiff's decedent, Tullis Herbert Gore.  Said negligent and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent.

14.　Defendant FAFARD, INC. negligently and/or wantonly maintained the trailer which collided with the vehicle driven by the Plaintiff's decedent, Tullis Herbert Gore.  Said negligent and/or wanton conduct was a proximate cause of the death of Plaintiff's decedent.

WHEREFORE, Plaintiff SHARON GORE, as administratrix and personal representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against each of the defendants RONALD LARRY FOSTER, JOE DUBOSE TRUCKING, and FAFARD, INC., jointly and severally, in a sum to be determined by the trier of fact.

### COUNT III
### NEGLIGENT AND/OR WANTON HIRING/SUPERVISION AND/OR ENTRUSTMENT OF DEFENDANT JOE DUBOSE TRUCKING

15. Plaintiff adopts and re-alleges Paragraphs 1 through 14 as if fully set out herein.

16. At the aforesaid time and place, and for some time prior thereto, Defendant RONALD LARRY FOSTER, while acting within the line and scope of his duty as an agent, representative or employee of Defendant JOE DUBOSE TRUCKING, negligently and/or wantonly caused or allowed the truck and/or trailer he was driving to collide with the vehicle driven by Plaintiff's decedent, Tullis Herbert Gore, by blocking both lanes on Lee County Road 146.  Said negligent and/or wanton conduct was a proximate cause of the death of plaintiff's decedent.

17. At the aforesaid time and place, Defendant RONALD LARRY FOSTER was engaged in the regular course and scope of his employment for Defendant JOE DUBOSE TRUCKING and therefore Defendant JOE DUBOSE TRUCKING is liable for the negligent and/or wanton acts of its agent or employee, Defendant RONALD LARRY FOSTER.

18. At the aforesaid time and place, and for some time prior thereto, the Defendant JOE DUBOSE TRUCKING was the employer of Defendant RONALD LARRY FOSTER and, as such, had the authority to supervise the hiring and training of drivers of motor vehicles operated by or on behalf of said Defendant.  In doing so, Defendant JOE DUBOSE TRUCKING negligently and/or wantonly hired and/or trained Defendant RONALD LARRY FOSTER even though JOE DUBOSE TRUCKING knew or should have known that Defendant RONALD LARRY FOSTER was incompetent as that phrase is defined under Alabama law.  Said Defendant negligently and/or wantonly

exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of the plaintiff's decedent's death.

19. At the aforesaid time and place, and for some time prior thereto, Defendant JOE DUBOSE TRUCKING was the owner, lessor, and/or lessee of and had the right of control over the use of the motor vehicle driven by Defendant RONALD LARRY FOSTER. The Defendant, JOE DUBOSE TRUCKING as owner, lessor, and/or lessee negligently and/or wantonly entrusted said vehicle to Defendant RONALD LARRY FOSTER who negligently and/or wantonly operated said vehicle, fatally injuring the plaintiff's decedent. Defendant entrusted said vehicle to Defendant RONALD LARRY FOSTER and is therefore liable to the Plaintiff. Said negligent and/or wanton entrustment was a proximate cause of the plaintiff's decedent's death.

20. At the aforesaid time and place, and for some time prior thereto, the Defendant, JOE DUBOSE TRUCKING, was the owner, lessor, and/or lessee of said motor vehicle driven by Defendant RONALD LARRY FOSTER and as such had the authority to supervise the maintenance, operation, and repair of said motor vehicle operated by or on behalf of the Defendant. The Defendant, JOE DUBOSE TRUCKING, knew or should have known that Defendant RONALD LARRY FOSTER was incompetent as that term is defined in Alabama law for the position he was filling. In spite of this, Defendant JOE DUBOSE TRUCKING negligently and/or wantonly exercised or failed to exercise said supervisory control and said negligent and/or wanton conduct was a proximate cause of plaintiff's decedent's death.

WHEREFORE, Plaintiff SHARON GORE, as administratrix and personal

representative of the estate of TULLIS HERBERT GORE, deceased, demands judgment against the defendant, JOE DUBOSE TRUCKING, in a sum to be determined by the trier of fact.

## COUNT IV
## NEGLIGENT HIRING OF AN INDEPENDENT CONTRACTOR

21. Plaintiff reavers and realleges Paragraphs 1-20 as if set out herein.

22. Plaintiff has averred that Defendant JOE DUBOSE TRUCKING is an employee and/or agent of Defendant FAFARD, INC.

23. Alternatively, if defendant FAFARD, INC. claims that Defendant JOE DUBOSE TRUCKING is an independent contractor, then Plaintiff avers that Defendant FAFARD, INC. was negligent by its failure to exercise reasonable care to employ a competent and careful contractor to do work, specifically driving an 18-wheel tractor-trailer which involves a risk of physical harm unless it is skillfully and carefully done. Defendants JOE DUBOSE TRUCKING AND RONALD LARRY FOSTER lacked the competence and skill to reasonably and safely operate a tractor-trailer.

24. Plaintiff avers that the negligent hiring of an independent contractor is recognized as a valid cause of action by Alabama law as well as the Restatement (2d) of Torts §§ 409 and 411 (1965).

25. Plaintiff further avers that the conduct of Defendant JOE DUBOSE TRUCKING combined and concurred with the conduct of the Defendants to proximately cause the death of Plaintiff's decedent, Tullis Herbert Gore.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally in an amount that would be mete, just and proper under the

8

circumstances for the wrongful death of Tullis Herbert Gore.

## COUNT V

## NEGLIGENT OR WANTON ENTRUSTMENT OF DEFENDANT FAFARD, INC.

26.     Plaintiff reavers and realleges Paragraphs 1-25 as if out herein.

27.     Plaintiffs aver that Defendant FAFARD, INC. was negligent or wanton in hiring Defendant JOE DUBOSE TRUCKING.

28.     Plaintiffs further aver that Defendant FAFARD, INC'S negligent hiring, training and/or supervision of Defendant JOE DUBOSE TRUCKING proximately caused the death of Plaintiff's decedent, Tullis Herbert Gore.

29.     Plaintiffs further aver that the conduct of Defendant FAFARD, INC. combined and concurred with the conduct of the defendants to proximately cause the death of Plaintiff's decedent, Tullis Herbert Gore.

WHEREFORE, Plaintiff demands judgement against Defendants jointly and severally in an amount that would be mete, just and proper under the circumstances for the wrongful death of Tullis Herbert Gore.

Done on this the ____ day of _____, 2006.

_____
RANDALL S. HAYNES (HAY006)
Attorney for Plaintiff

OF COUNSEL:

MORRIS, HAYNES & HORNSBY
POST OFFICE BOX 1660
ALEXANDER CITY, AL 35011-1660
(256) 329-2000
(256) 329-2015 (TELEFAX)
rhaynes@morrishaynesandhornsby.com

9

## **JURY DEMAND**

      Pursuant to Alabama Rules of Civil Procedure, plaintiff demands a trial by jury on all counts herein in this action.

_____
OF COUNSEL


## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the \_\_\_\_ day of _____, 2006, I served a copy of the foregoing Second Amended Complaint (Amended) on all attorneys of record in the above referenced case, including:

David Lee, Esq.
Parsons, Lee & Juliano
Suite 300, 2801 Hwy. 280 S.
Birmingham, Alabama 35223

Richard Broughton, Esq.
Suite 204, 2000 Interstate Park Drive
Post Office Box 2148
Montgomery, Alabama 36102

_____
OF COUNSEL